Robinson, J.
This cause, while one of great importance, by reason of the far-reaching effect of the conclusion reached, is confined to a very small compass. The Constitution of 1912 fixed the jurisdiction of the court of appeals, in Section 6, Article IV, as follows: “The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.” And this court in the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, has construed this clause of Section 6, Article IV, as defining the jurisdiction of the court of appeals, and has held: “The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction.”' That holding has been followed and inferentially approved by this court in many cases.
Long prior to the adoption of the Constitution of 1912 the general assembly enacted Section 11577, General Code, which reads: “The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
In 1915, in the case of Mahoning Valley Railway Co. v. Santoro, Admr., 93 Ohio St., 53, the court *319 had that section under consideration and held that “Section 11577, General Code, is. * * * reconcilable with the several amendments of the constitution adopted in 1912, and is applicable not only to cases pending on the first of January, 1913, but to all other cases, until said statute shall be repealed.”
I am unable to comprehend the logic of that case, notwithstanding it has been followed in Nyiry v. Modern Brotherhood of America, 97 Ohio St., 343, and in Ramm v. Babin Realty Co., 98 Ohio St., 449.
But the instant case does not depend upon the soundness of the Santoro case; for, assuming that Section 11577, General Code, has application, by reason of Section 6, Article IV of the Constitution, only to the courts of common pleas, superior courts and other courts of record, the jurisdiction of which has not been fixed by the constitution, and, is, therefore, subject to change by the general assembly, yet, by the constitution itself, cases such as- the one at bar, of which the court of appeals has no original or appellate jurisdiction, can reach the court of appeals by no other process than by review upon a petition in error, for while the constitution does not use the word “error,” nor the words “petition in error,” it does describe the cases of which the court of appeals has original jurisdiction, and the cases of which it has appellate jurisdiction, and then provides “and to review, affirm, modify, or reverse the judgments of the courts of common pleas,” etc. It goes without saying that the review here provided for does not apply to appeal cases nor *320 to cases of which it has original jurisdiction. • The words “affirm, modify, or reverse” qualify the word “review” by indicating the disposition the court of appeals may make of the cases it is authorized to review. They define the scope of the power conferred by the grant of authority to review.
The only judgments of an inferior court known to the law in Ohio at the time of the adoption of the amendment in 1912, or now, that may be reviewed by a court of appeals, are judgments from which error is prosecuted, and the jurisdiction of the court of appeals in all such cases is invoked by the filing of a petition in error, and before modification or reversal can be had the court must find not only that there is error apparent upon the record but that the error found is prejudicial. (Scovern v. State, 6 Ohio St., 288; Ohio Life Ins. Co. v. Goodin et al., 10 Ohio St., 557, and many other cases.) Hence it must follow that in the instant case before the court of appeals would have been warranted in a judgment of reversal it must have found that the court of common pleas erred in the overruling of the motion for a new trial. To have so held would have amounted to holding that the court of common pleas erred in observing the provisions of Section 11577, General Code, as applicable to common pleas courts. For whatever doubt there may be as to the power of the general assembly to limit the number of judgments of reversal upon the weight of the evidence that may be entered in the same case by the court of appeals, there can be no question as to its power to limit the number of new trials upon the weight *321 of the evidence that may be granted in the same case by the courts whose jurisdiction is defined by the general assembly and not by the constitution.
The trial court then having once exercised the power to grant a new trial upon the weight of the evidence was expressly prohibited by Section 11577, General Code, from granting another new trial upon the same ground. Hence no error could be predicated upon its action in that respect, and, since it committed no error, no judgment of reversal could be entered in an error proceeding by a reviewing court.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Matthias, Johnson, Wanamaker and Merrell, JJ., concur.